IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02926-GPG

DEAN CARBAJAL,

    Applicant,

v.

RANDY LYNN, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER OF DISMISSAL

---

    Applicant, Dean Carbajal, is a prisoner in the custody of the Colorado Department of Corrections ("DOC").  Mr. Carbajal initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) raising a jurisdictional challenge to the validity of his conviction in Denver District Court case number 10CR3824.  On November 4, 2014, Respondents were ordered to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies.  On January 5, 2015, Respondents filed a Pre-Answer Response (ECF No. 17) and on February 24, 2015, Mr. Carbajal filed a reply (ECF No. 20) to the Pre-Answer Response.

    On March 19, 2015, Mr. Carbajal tendered for filing an amended application for a writ of habeas corpus (ECF No. 21) reasserting the jurisdictional claim and raising a new claim challenging his enhanced sentence.  The clerk of the Court will be directed to file the amended application (ECF No. 21) tendered to the Court on March 19.

On April 14, 2015, Respondents were ordered to file a supplement to the Pre-Answer Response that addresses the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies with respect to Mr. Carbajal's new claim in the amended application. On June 15, 2015, Respondents filed a Supplement to Pre-Answer Response (ECF No. 29) and on July 30, 2015, Mr. Carbajal filed a reply (ECF No. 33) to the supplement.

The Court must construe the papers filed by Mr. Carbajal liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

Mr. Carbajal was convicted by a jury in Denver District Court case number 10CR3824 of five counts of violation of a protective order, five counts of violation of bail bond conditions, two counts of burglary, two counts of trespass, one count of kidnapping, and two counts of stalking. Mr. Carbajal also was convicted of two habitual criminal counts and he was sentenced to a total term of 188 years in prison.

The state court docketing record indicates that Mr. Carbajal filed a direct appeal to the Colorado Court of Appeals that was assigned case number 12CA410. (*See* ECF No. 17-1 at 21-23.) According to Respondents, case number 12CA410 remains pending in the Colorado Court of Appeals. Mr. Carbajal does not challenge this assertion and there is no indication in the state court docketing record that his direct appeal has concluded.

In addition to his direct appeal, Mr. Carbajal also challenged the validity of his

conviction in case number 10CR3824 by filing in the Denver District Court a habeas corpus petition that was assigned case number 12CV2802.  On June 26, 2012, the Denver District Court denied the habeas corpus petition because "[o]n its face, the Petition fails to establish that Petitioner is not validly confined or that he has suffered a serious infringement of a fundamental constitutional right resulting in a significant loss of liberty."  (ECF No. 17-2.)  On November 4, 2013, the Colorado Supreme Court affirmed the Denver District Court's order denying the state habeas petition.  (*See* ECF No. 21-1 at 22.)

Mr. Carbajal initiated this action on October 28, 2014.  As noted above, he asserts two claims for relief in the amended application.  However, his discussion of his claims in the amended application is lengthy and the specific constitutional violations he is asserting are difficult to decipher.  The following excerpt summarizes Mr. Carbajal's jurisdiction claim.

> In the case at bar, the prosecution vindictively and oppressively filed separate cases with excessive bonds, and then filed a consolidated parallel proceeding that charged all the same charges without leave of the court, as the original charges remained sub judice in the county court as well as their oppressive bonds, thereby subjecting Mr. Carbajal to numerous duplicative proceedings in a grossly oppressive manner without a prompt determination of probable cause with the intent and understanding to harass Mr. Carbajal and destroy his ability to fairly defend his innocence against frivolous charges based on outrageous governmental misconduct.  Thereafter, without leave of the court, without fair notice to Mr. Carbajal, or a motion and affidavit establishing the bases for refiling, the prosecution filed a direct information in the district court in an effort to obtain a favorable forum and cover up their abusive fling and oppressive conduct without explanation to the court, while Mr. Carbajal remained in custody on more than $600,000 in bonds.  This abusive process deprived Mr. Carbajal of his

> right to a prompt determination of probable cause and
> pretrial release as well as fair notice, thus, seriously
> damaging his ability to fairly defend his innocence, which,
> had the direct effect of violating his right to a fair trial and
> due process.  But, because the prosecution's conduct
> grossly deviated from substantive and procedural law, their
> malicious and oppressive scheme of using shell cases to
> obtain an unfair advantage and a favorable forum and
> complete derogation of applicable procedure, has divested
> the district court of jurisdiction and rendered its judgment
> void.

(ECF No. 1 at 24-25.)  In addition to claiming he was denied due process, Mr. Carbajal also contends within the jurisdiction claim that his Fourth Amendment rights were violated.  Mr. Carbajal contends in his second claim that his prior conviction in Montrose County District Court case number 00CR204, which was charged in one of the habitual criminal counts that resulted in an enhanced sentence in Denver District Court case number 10CR3824, was obtained in violation of his constitutional rights.

Respondents argue that this action should be dismissed for failure to exhaust state remedies.  Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.  *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever*, 36 F.3d at 1534.

"The exhaustion requirement is not one to be overlooked lightly."  *Hernandez v.*

4

*Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing he has exhausted all available state remedies for each particular claim.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).  A blanket statement that state remedies have been exhausted does not satisfy this burden.  *See Olson v. McKune*, 9 F.3d 95 (10th Cir. 1993); *see also Fuller v. Baird*, 306 F. App'x 430, 431 n.3 (10th Cir. 2009) (stating that a bald assertion unsupported by court records is insufficient to demonstrate state remedies are exhausted).  Furthermore, even if state remedies properly have been exhausted as to some of the claims presented, a habeas corpus application is subject to dismissal as a mixed petition unless state court remedies have been exhausted for all of the claims raised.  *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Harris v. Champion*, 48 F.3d 1127, 1133 (10th Cir. 1995).

      Respondents argue with respect to the jurisdiction claim that Mr. Carbajal has failed to exhaust state remedies because, although the jurisdiction claim was presented to the state courts in the state habeas corpus proceedings in case number 12CV2802, the claim is based on an alleged violation of state law and the state court's jurisdictional determination is binding on a federal court.  Mr. Carbajal counters that the jurisdiction claim specifically is presented as a federal constitutional claim and was raised as such in the state habeas corpus proceedings.

      Regardless of whether Mr. Carbajal fairly presented his jurisdiction claim to the Colorado Supreme Court in the state court habeas corpus proceedings in Denver District Court case number 12CV2802, the instant action is subject to dismissal for failure to exhaust state remedies because the record before the Court indicates Mr.

Carbajal's direct appeal remains pending. When "an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts." *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *see Miller v. Glanz*, 331 F. App'x 608, 610 (10th Cir. 2009) (noting that a habeas corpus petition in federal court challenging a state conviction is premature while a direct appeal is pending in state court). The reason for this rule is that "even if the federal constitutional question raised by the habeas corpus petitioner cannot be resolved in a pending state appeal, that appeal may result in the reversal of the petitioner's conviction on some other ground, thereby mooting the federal question." *Id.*

In addition, even if Mr. Carbajal's direct appeal had concluded before the instant action was filed, the discussion below demonstrates he has failed to exhaust state remedies with respect to his claim challenging his enhanced sentence. As a result, this action is subject to dismissal as a mixed petition. *See Rose*, 455 U.S. at 522.

The question of whether Mr. Carbajal has exhausted state remedies for his claim challenging his enhanced sentence is complicated by the fact that the claim is premised on the alleged invalidity of his prior conviction in Montrose County District Court case number 00CR204. Before addressing the exhaustion issue, the Court first must consider whether and how Mr. Carbajal may challenge the validity of his prior conviction in this action.

The Court previously dismissed a habeas corpus action filed by Mr. Carbajal in which he sought to challenge directly the validity of his conviction in Montrose County

District Court case number 00CR204.  *See Carbajal v. Lynn*, No. 14-cv-02880-LTB (D. Colo. Mar. 9, 2015).  The Court determined Mr. Carbajal may not challenge his conviction in Montrose County District Court case number 00CR204 directly because he no longer is in custody with respect to that conviction.  In the instant action, Mr. Carbajal is challenging the validity of his conviction and sentence in Denver District Court case number 10CR3824 and there is no dispute that he currently is serving the prison sentence imposed in that case.  Therefore, the custody requirement is not an obstacle to his claim challenging his enhanced sentence in Denver District Court case number 10CR3824.  *See Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 401-02 (2001).

However, the fact that Mr. Carbajal satisfies the custody requirement does not mean he can challenge the validity of his conviction in Montrose County District Court case number 00CR204 in this action.

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid.  If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Lackawanna*, 532 U.S. at 403-04 (internal citation omitted).  There are two exceptions to the general rule in *Lackawanna*.  First, the general rule does not apply to "§ 2254 petitions that challenge an enhanced sentence on the basis that the prior conviction used to enhance the sentence was obtained when there was a failure to appoint counsel in violation of the Sixth Amendment."  *Id.* at 404.  The second exception applies to "cases in which a petitioner has, through no fault of his own, no means of obtaining

timely review of a constitutional claim." *McCormick v. Kline*, 527 F.3d 841, 851 (10th Cir. 2009) (internal quotation marks omitted). Examples of the second exception include a state court refusing without justification to rule on a properly presented constitutional claim and a defendant who obtains compelling evidence of actual innocence after the time for direct or collateral review has expired that could not have been uncovered in a timely manner. *See Lackawanna*, 532 U.S. at 405.

The Court need not decide at this time whether Mr. Carbajal's claim challenging his enhanced sentence in Denver District Court case number 10CR3824 falls within an exception to *Lackawanna* because "[c]rucial to the *Lackawanna* exceptions is the requirement that '[a]s with any § 2254 petition,' a petitioner seeking to invoke the exceptions 'must satisfy the procedural prerequisites for relief[,] including, for example, exhaustion of remedies.'" *McCormick*, 572 F.3d at 851 (quoting *Lackawanna*, 532 U.S. at 404) (alterations in original). Therefore, the Court will proceed to consider whether Mr. Carbajal has exhausted state remedies for his claim challenging his enhanced sentence in Denver District Court case number 10CR3824.

Respondents argue that Mr. Carbajal's claim challenging his enhanced sentence is not exhausted because Mr. Carbajal's direct appeal remains pending and he did not raise any claim challenging his enhanced sentence in Denver District Court case number 12CV2802, the state habeas corpus proceeding pertinent to Denver District Court case number 10CR3824. Mr. Carbajal does not contend that he has challenged his enhanced sentence either on direct appeal from the judgment of conviction in Denver District Court case number 10CR3824 or in Denver District Court case number 12CV2802. Instead, he argues that his claim challenging his enhanced sentence is

exhausted because in 2012 he filed a separate state habeas corpus action in the Montrose County District Court, designated case number 12CV111, in which he challenged the validity of his conviction in Montrose County District Court case number 00CR204.  On April 19, 2012, the Montrose County District Court entered an order denying the habeas corpus petition in case number 12CV111.  (*See* ECF No. 21-2 at 60-62.)  On November 4, 2013, the Colorado Supreme Court affirmed the decision of the Montrose County District Court.  (*See id.* at 64.)

     Mr. Carbajal's exhaustion argument lacks merit.  It is not clear what claims he may have raised in Montrose County District Court case number 12CV111 challenging the validity of his conviction in Montrose County District Court case number 00CR204.  However, Mr. Carbajal does not allege, and there is no indication in the record before the Court, that he raised in Montrose County District Court case number 12CV111 any claims challenging the validity of his enhanced sentence in Denver District Court case number 10CR3824.  He also fails to cite any authority that demonstrates his claims challenging the validity of his enhanced sentence in Denver District Court case number 10CR3824 properly could have been raised in the habeas corpus petition filed in the Montrose County District Court.  Under Colorado law, the essential purpose of a habeas corpus proceeding "is to determine whether a person is unlawfully detained . . . and habeas corpus is only an appropriate remedy to redress an unlawful restraint on one's liberty when no other form of relief is available."  *Duran v. Price*, 868 P.2d 375, 377 (Colo. 1994).  The record before the Court indicates that the habeas corpus petition was filed in the Montrose County District Court on March 30, 2012 (*see* ECF No. 21-2 at 60), just three days after an advisory notice of appeal was filed in Denver District Court case

number 10CR3824 (*see* ECF No. 17-1 at 23).  Thus, it is apparent that another form of relief was available to Mr. Carbajal with respect to the sentence imposed in Denver District Court case number 10CR3824.

For these reasons, Mr. Carbajal fails to satisfy his burden of demonstrating he has fairly presented all of his claims to the Colorado Supreme Court.  *See Miranda*, 967 F.2d at 398 (noting that a state prisoner bringing a federal habeas corpus action bears the burden of showing he has exhausted all available state remedies).  As a result, the instant action will be dismissed without prejudice for failure to exhaust state remedies.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the clerk of the Court file the amended application (ECF No. 21) tendered to the Court on March 19, 2015.  It is

FURTHER ORDERED that the habeas corpus application (ECF No. 1) and the amended habeas corpus application (ECF No. 21) are denied and the action is dismissed without prejudice for failure to exhaust state court remedies.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  10th  day of    August    , 2015.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court