IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02926-LTB

DEAN CARBAJAL,

    Applicant,

v.

RANDY LYNN, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER DENYING MOTIONS TO RECONSIDER
AND REQUEST FOR CERTIFICATE OF APPEALABILITY

---

    This matter is before the Court on several filings submitted *pro se* by Applicant, Dean Carbajal, in response to the Order of Dismissal (ECF No. 34) and the Judgment (ECF No. 35) entered in this action on August 10, 2015.  Mr. Carbajal is a prisoner in the custody of the Colorado Department of Corrections.  He initiated this action by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 raising a jurisdictional challenge to the validity of his conviction in Denver District Court case number 10CR3824.  He subsequently amended the application to include a claim challenging the validity of his enhanced sentence in Denver District Court case number 10CR2824.  The Court dismissed the action without prejudice for failure to exhaust state remedies because his direct appeal remains pending in state court.  The Court also noted that, even if Mr. Carbajal's direct appeal was not pending, he failed to demonstrate he has fairly presented his claim challenging his enhanced sentence to the state courts.

On September 2, 2015, Mr. Carbajal filed a document titled "Contemporaneous Objection to Senior Judge Lewis Babcock's Improper Dismissal of this Action Without Jurisdiction" (ECF No. 36). On September 10, 2015, Mr. Carbajal filed an unsigned motion titled "Plaintiff's Motion for Reconsideration and Contemporaneous Objection to the Court's Order of Dismissal" (ECF No. 37). On September 16, 2015, Mr. Carbajal filed a "Notice of Appeal" (ECF No. 39) and "Petitioner Dean Carbajal's Request for Certificate of Appealability" (ECF No. 38). On September 28, 2015, Mr. Carbajal filed a second "Plaintiff's Motion for Reconsideration and Contemporaneous Objection to the Court's Order of Dismissal" (ECF No. 44) that is signed.

The Court must construe Mr. Carbajal's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motions to reconsider and the request for a certificate of appealability will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e).

Mr. Carbajal's "Contemporaneous Objection to Senior Judge Lewis Babcock's Improper Dismissal of this Action Without Jurisdiction" was filed within twenty-eight days after the Judgment was entered in this action and will be considered pursuant to Rule 59(e). A Rule 59(e) motion may be granted "to correct manifest errors of law or to

present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Mr. Carbajal contends in his "Contemporaneous Objection to Senior Judge Lewis Babcock's Improper Dismissal of this Action Without Jurisdiction" that this action should have been assigned to Judge Robert E. Blackburn in accordance with Rule 40.1(c)(1) of the Local Rules of Practice of the United States District Court for the District of Colorado-Civil. Local Rule 40.1(c)(1) provides that "[i]f an unrepresented party in a new case already has a case pending or had a case terminated within 12 months of the new filing, the new case shall be assigned to the judicial officers who were assigned the earlier case." However, Mr. Carbajal's argument ignores District of Colorado Local Rule 8.1, which provides for preliminary review of prisoner pleadings by a "judicial officer designated by the Chief Judge" prior to assignment in accordance with Local Rule 40.1. Therefore, Mr. Carbajal's "Contemporaneous Objection to Senior Judge Lewis Babcock's Improper Dismissal of this Action Without Jurisdiction" will be denied.

The Court next will address "Plaintiff's Motion for Reconsideration and Contemporaneous Objection to the Court's Order of Dismissal." As noted above, an unsigned copy of the motion was filed on September 10, 2015, and a signed copy was filed on September 28, 2015. The Court will consider "Plaintiff's Motion for Reconsideration and Contemporaneous Objection to the Court's Order of Dismissal" pursuant to Rule 60(b) because even the unsigned copy was filed more than twenty-eight

days after the Judgment was entered on August 10. Although the motion is dated September 3, 2015, the motion does not include a certificate of mailing that satisfies the requirements of the prisoner mailbox rule in order to establish a filing date prior to when the motion actually was received by the Court. *See Price v. Philpot*, 420 F.3d 1158, 1163-66 (10th Cir. 2005).

Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994). Relief under Rule 60(b) is not available to revisit arguments already considered or to raise new arguments that could have been raised previously. *See Van Skiver*, 952 F.2d at 1243.

Mr. Carbajal raises several arguments in "Plaintiff's Motion for Reconsideration and Contemporaneous Objection to the Court's Order of Dismissal." He first contends the Court lacked jurisdiction to dismiss the action because it should have been assigned to Judge Blackburn, an argument that lacks merit for the reason stated above. Mr. Carbajal also contends he has exhausted state remedies for both of his claims in state court habeas corpus proceedings; the exhaustion requirement should be excused because of inordinate delay in resolving his direct appeal; his pending direct appeal is not relevant to the issue of exhaustion of state remedies because he is asserting jurisdictional claims; and exhaustion would be futile.

Upon consideration of "Plaintiff's Motion for Reconsideration and Contemporaneous Objection to the Court's Order of Dismissal" and the entire file, the Court finds that Mr. Carbajal fails to demonstrate the existence of any extraordinary

reason that would justify reconsidering and vacating the order dismissing this action for failure to exhaust state remedies.   Mr. Carbajal's arguments already have been addressed by the Court or could have been raised previously.   Therefore, the motion will be denied.

Finally, the Court will deny "Petitioner Dean Carbajal's Request for Certificate of Appealability" (ECF No. 38) because the Court determined in the Order of Dismissal that Mr. Carabajal has not made a substantial showing of the denial of a constitutional right. Accordingly, it is

ORDERED that the "Contemporaneous Objection to Senior Judge Lewis Babcock's Improper Dismissal of this Action Without Jurisdiction" (ECF No. 36), which the Court has construed as a motion to reconsider pursuant to Fed. R. Civ. P. 59(e), is DENIED.   It is

FURTHER ORDERED that "Plaintiff's Motion for Reconsideration and Contemporaneous Objection to the Court's Order of Dismissal" (ECF Nos. 37 & 44) is DENIED.   It is

FURTHER ORDERED that "Petitioner Dean Carbajal's Request for Certificate of Appealability" (ECF No. 38) is DENIED.

DATED at Denver, Colorado, this   2nd   day of   October   , 2015.

BY THE COURT:


s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court